COMMONWEALTH *vs.* CHARLES M. EMERSON.

Suffolk. November 25, 1895. — January 3, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Statute to prevent Sales with Prizes does not forbid a Sale of two Things at once.*

The sale prohibited by St. 1884, c. 277, entitled " An Act to prevent the sale or exchange of property under the inducement that a gift or prize is to be part of the transaction," is a sale upon any representation "that anything other than what is specifically stated to be the subject of the sale" is to be delivered, etc.,

and its provisions were not intended, and do not purport, to forbid a sale of two things at once, even if one of them is the principal object of desire, and the other an additional inducement which turns the scale.

COMPLAINT to the Municipal Court of the City of Boston, for a violation of the provisions of St. 1884, c. 277, entitled " An Act to prevent the sale or exchange of property under the inducement that a gift or prize is to be part of the transaction," the first section of which statute is as follows: " No person shall sell, exchange, or dispose of any property, or offer or attempt to do so upon any representation, advertisement, notice, or inducement that anything other than what is specifically stated to be the subject of the sale or exchange is or is to be delivered or received, or in any way connected with or a part of the transaction."

At the trial in the Superior Court, before *Sherman*, J., the defendant requested the judge to rule that the statute was unconstitutional and void, and that the action could not be maintained.

The judge declined so to rule, and, the jury having returned a verdict of guilty, he reported the case for the determination of this court. The facts appear in the opinion.

*F. C. Manchester*, (*J. O. Wardwell* with him,) for the defendant.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth, submitted the case on a brief.

HOLMES, J. This is a complaint for a penalty, under St. 1884, c. 277. The evidence was that the defendant, a retail dealer in tobacco, displayed in his shop window a large number of photographs of distinguished or notorious men and women, with an advertisement that each purchaser of a piece of a certain tobacco was entitled to one of these photographs. Upon each piece of tobacco was a label to the like effect, and the defendant told a witness that every purchaser was entitled to a photograph and to make his own selection. The witness testified that he bought a piece of tobacco and chose a photograph, and stated that every purchaser knew what he was buying before he made the trade.

We are of opinion that the statute ought not to be construed to apply to such a case as this. The act is entitled " An Act to prevent the sale or exchange of property under the induce-

ment that a gift or prize is to be part of the transaction." The sale prohibited is a sale upon any representation " that any-thing other than what is specifically stated to be the subject of the sale " is to be delivered, etc. We must give these words a reasonable meaning. They were not intended and do not purport to forbid a sale of two things at once, even if one of them is the principal object of desire and the other an additional inducement which turns the scale. If that had been the object, it would have been simpler and hardly more sweeping to have forbidden altogether the sale of more than one thing at a time. But the aim of this statute is to prevent offers of bargains which appeal to the gambling instinct, and induce people to buy what they do not want by the promise of a gift or prize the precise nature of which is not known at the moment of making the purchase. There was nothing of that sort in the present case. All that was sold was " specifically stated to be the subject of the sale," and we think it very plain that, if the offer of a single photograph with the tobacco would have been lawful, the offer of a choice out of a number is no less so, the buyer being free to make his choice before he takes the tobacco. It follows that the court should have ruled that the complaint could not be maintained, although the ground on which the ruling was asked was a different one from that on which we rest our decision.          *Verdict set aside.*