HELEN E. BUMSTEAD *vs.* FRANCIS M. COOK.

Hampshire.    September 21, 1897. — November 22, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Deed — Implied Grant of Easement — Action — Sewer — Statute — Lien.*

If A., by a warranty deed, buys land in a city of B., who has previously connected the house on the land with a public sewer unlawfully, no right so to use the sewer as appurtenant to the land passes by implication, and if A. is compelled to pay to the city a fee for entering the sewer, he cannot recover the amount of B.; nor did the city, under St. 1888, c. 354, have a lien upon the granted premises, at the time of the conveyance, for the entrance fee to the sewer, which constituted an encumbrance on the property.

CONTRACT, in three counts, to recover fifty dollars. The first count was for breach of the covenant against encumbrances in a warranty deed of land in Northampton, the breach being an alleged lien of the city on the granted premises for the amount of an entrance fee to a sewer. The second count was for money had and received; and the third count was for money paid. The case was submitted to the Superior Court, and, after judgment

for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*W. G. Bassett*, for the plaintiff.

*T. G. Spaulding*, for the defendant.

KNOWLTON, J.    The plaintiff's claim is founded solely on the contract expressed in writing in the defendant's deed.    Previously to the erection of the house standing on the lot conveyed by the defendant to the plaintiff, one Maynard, owning a lot adjoining the one described in the deed, and acting under an oral license from the defendant, constructed a drain from a house which he built on his lot, through the land described in the deed to a brook, and thus conducted the sewage from his house across the defendant's lot.    Afterwards the city laid a public sewer through the street in front of the premises, and Maynard took the end of his drain out of the brook and entered it into the sewer, and paid the city the regular fee for entrance for a single house, in accordance with the regulations of the sewer commissioners.    Subsequently the defendant erected a double tenement house on the land described in his deed to the plaintiff, and without permission from the city or from Maynard entered the drain from this house into Maynard's drain on his own land, and in that way drained his house into the public sewer.    He was using the public sewer in this way surreptitiously, or at least without right, at the time of making the deed to the plaintiff, who was afterwards compelled to pay to the city a fee of fifty dollars for entering the sewer, which she seeks to recover in this action.

The deed describes the land by metes and bounds, and makes no reference to any right in other land, or to the subject of drainage in any way.    The public sewer was outside of the land conveyed, and it is obvious that no right to use it passed as parcel of the real estate described.

The plaintiff contends that a right to use the sewer was appurtenant to the land conveyed, and therefore passed by implication.    We need not consider whether such a right was so far necessary to the use and enjoyment of the property conveyed that an easement would have been created by implication as against the grantor if he had been the owner of the public sewer and the land through which it runs, for there is another

answer to this part of the plaintiff's case. The defendant was not the owner of the sewer, nor of the land through which it runs, and he had no right in it which he could convey. In *Philbrick* v. *Ewing*, 97 Mass. 133, Mr. Justice Hoar says that " an easement, where it is not expressly described in the conveyance, must actually belong to the estate conveyed in order to pass by implication." This was the precise point adjudicated. To the same effect are *Swanzey* v. *Brooks*, 34 Vt. 451, and *Spaulding* v. *Abbott*, 55 N. H. 423. No case to the contrary has been brought to our attention. See also in recognition and further application of the doctrine, *Wells* v. *Day*, 124 Mass. 38, 43, and *Johnson* v. *Knapp*, 146 Mass. 70, 75. We think it clear that the deed did not convey by implication, nor purport to convey, any right to drain the premises through the public sewer beyond the limits of the plaintiff's land without payment for the privilege.

The only remaining question is whether the city, by virtue of St. 1888, c. 354, and its action under it, had a lien upon the granted premises at the time of the conveyance which constituted an encumbrance upon the property. This statute, by §§ 5 and 7, provides two ways in which the city may be reimbursed in whole or in part for the expense of constructing a sewer: one is by assessment of the cost upon the estates of persons benefited ; the other is by prescribing a sum to be paid as a condition of allowing a particular drain to be connected with the sewer. Assessments made under § 5 constitute a lien upon the estates for two years from the time of the assessment, but the statute gives no lien for a fee to be paid under § 7 as one of the terms and conditions of entering a sewer with a particular drain. The agreed facts show that the cost of construction of this sewer was paid with money appropriated by the city for that purpose, and that no assessment has ever been made upon any person benefited. On the other hand, the regulations of the sewer commissioners, acted upon by the city, prescribed, as one of the terms and conditions of entering a sewer with a particular drain, the payment of a fee. We do not intimate that, in the absence of a special provision therefor, the sewer commissioners could, by prescribing terms and conditions to that effect, create a valid lien upon an estate for the payment

of such a fee. If they could do this, their rules and regulations show that they have not attempted to do it, and that there is no lien for payment under the existing law and under their rules and regulations.

It is obvious that the city proceeded in the construction and management of the sewer with a view to obtaining partial reimbursement from fees for entering the sewer, and not from assessments. It would now be impracticable, if not impossible, to lay assessments upon the estates benefited, and the agreed facts indicate that the city has had no intention of trying to do it. If the plaintiff relied upon the existence of a lien, the burden was upon her to show it. The defendant was unlawfully using the sewer at the time of making his deed, and the agreed facts fail to show that there were any relations between him and the city that subjected his estate to a lien. The plaintiff was mistaken in supposing that the defendant was the owner of a valuable right affecting the property outside of that described in the deed, about which nothing was said orally, and no stipulation was made in writing. There was no error in the decision of the Superior Court.　　　　*Judgment affirmed.*