COMMONWEALTH *vs.* CHARLES A. SISSON.

Plymouth. March 12, 1901. — May 21, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

Delivering trading stamps with articles sold for cash in accordance with previous announcement, entitling the purchaser to select and receive one of a number of articles exhibited at the store of an independent corporation issuing the stamps, is not a violation of St. 1898, c. 576, as there is no gambling element in the transaction. That statute, as construed by the court, merely prohibits the use of trading stamps in transactions involving the element of chance.

COMPLAINT in the Police Court of the city of Brockton, charging the defendant with a violation of St. 1884, c. 277, as amended by St. 1898, c. 576, in selling goods with trading stamps as an additional inducement, filed September 27, 1900.

At the trial, before *Fox*, J., in the Superior Court for the county of Plymouth, to which the case came by appeal, the defendant pleaded not guilty, and agreed that if the government witnesses were called they would testify in substance to the following facts :

The defendant, acting as a clerk in a drug store, on the day named in the complaint, sold to the person named in the complaint a certain hair brush, and at the same time, and as part of the same transaction, delivered to that person twenty-five stamps or coupons, which entitled the purchaser to demand of the National Discount Stamp Company any one of a number of articles on exhibition at the store of that company that the purchaser might select; that the National Discount Stamp Company is the business name of an association of individuals other than the proprietor of the store where the brush was sold and where the coupons or stamps were delivered to the person named in the complaint.

The defendant then offered to show the following facts as a defence, and the Commonwealth agreed that his witnesses would so testify, if the evidence was competent and constituted a defence, but denied that it did so, and objected to its introduction.

The evidence offered and agreed to was, that the merchant makes a contract with the stamp company to give out their stamps with every cash purchase of ten cents, or multiples of that sum. These stamps are given to the purchaser of goods from the merchant and are taken to the store of the stamp company, where they are exchanged for any one of a large number of articles that the purchaser may select. These articles are on exhibition all the time, and are of sound value, and the number of stamps necessary to obtain an article is indicated on the article. These articles consist mainly of furniture and household utensils. The value of the article given in exchange for stamps varies in accordance with the number of stamps offered for exchange. In the present case twenty-five stamps were offered in exchange, and a cup and saucer were given by

the stamp company for the twenty-five stamps. The specific subject of the sale was the hair brush, and the stamps were delivered as a bonus. The merchants who give stamps for cash trade, display signs in their windows to that effect. Every purchaser knows what he is buying, and can select at the store of the stamp company, even before his purchase from the merchant who gives stamps, the article that he wants in exchange for the stamps which are given with the article purchased.

On the above facts the defendant requested the judge to rule that the defendant could not be convicted, on the ground that St. 1898, c. 576, was unconstitutional. The judge refused so to rule, and instructed the jury that the act was constitutional, and that the evidence for the Commonwealth, as agreed to by the defendant, would, if believed, be sufficient to justify a verdict of guilty. To the refusal to rule as requested, and to the ruling given, the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

St. 1898, c. 576, is entitled " An Act relative to trading stamps, coupons and other devices," and reads as follows:

" The provisions of chapter two hundred and seventy-seven of the acts of the year eighteen hundred and eighty-four shall apply to the giving of any stamp, coupon or other device which entitles a purchaser to demand or receive from any person or company other than the merchant dealing in the goods purchased or the manufacturer thereof, any other property than that actually sold or exchanged; and also to the delivery by any person or company other than the merchant dealing in the goods purchased or the manufacturer thereof, of any goods, wares or merchandise upon the presentation of such stamp, coupon or other device."

Chapter 277 of the acts of the year 1884, referred to in the statute above quoted, is entitled " An Act to prevent the sale or exchange of property under the inducement that a gift or prize is to be part of the transaction," and reads as follows:

" Section 1.    No person shall sell, exchange or dispose of any property, or offer or attempt to do so upon any representation, advertisement, notice or inducement that anything other than what is specifically stated to be the subject of the sale or exchange, is,

or is to be delivered or received, or in any way connected with, or a part of the transaction." The only other section of the statute provides a fine of not less than $10 nor more than $500 for a violation of the above provision.

*F. W. Tillinghast, J. S. Murdock & R. W. Nutter*, for the defendant.

*J. M. Hallowell*, Assistant Attorney General, & *R. O. Harris*, District Attorney, for the Commonwealth.

HOLMES, C. J. This court had construed St. 1884, c. 277, and its decision had been public for two years when St. 1898, c. 576, was passed. *Commonwealth* v. *Emerson*, 165 Mass. 146. It must be presumed that the Legislature knew the construction of the earlier act and adopted it when it passed the later one. The former act punished selling property upon the inducement that something other than what is specifically stated to be the subject of the sale is to be delivered. This was construed in *Commonwealth* v. *Emerson* to refer only to the offer of bargains that appeal to the gambling instinct and induce people to buy what they do not want by the gift or promise of a prize, the nature of which is not known at the moment of making the purchase. When then it is enacted by the later statute that the provisions of the one last mentioned shall apply to the giving of a stamp or coupon entitling the purchaser to other property from other persons, the same limitation to the generality of the words used must be understood.

The act of 1898 cannot be taken to prohibit a rebate on the nominal price of goods, or the giving of this rebate in the form of another symbol of purchasing power instead of money, as for instance a draft upon another merchant, payable in goods. It prohibits the giving of coupons only to the same extent that the act of 1884 prohibits the giving of goods. Those who framed the act very probably had in mind the accomplishment of more than we take the act to effect, and of results which have been held unconstitutional elsewhere. *People* v. *Gillson*, 109 N. Y. 389. *Long* v. *State*, 74 Md. 565. *Ex parte McKenna*, 126 Cal. 429. *State* v. *Dalton*, 22 R. I. 77. See *Chicago* v. *Netcher*, 183 Ill. 104. But on the other hand it is no less probable that some at least of those who concurred in passing the statute saw that its effect necessarily would be cut down by the construction

already given to the act upon which it was engrafted. The fact that it is thus limited makes it unnecessary to consider the above decisions or to compare them with *Lansburgh* v. *District of Columbia*, 11 App. D. C. 512.

So far as appears there was no gambling element in the defendant's transaction, and his acts were not prohibited by law.

*Exceptions sustained.*