HAVERHILL SAVINGS BANK *vs.* CAROLINE M. GRIFFIN.

Essex. November 4, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, LORING, & BRALEY, JJ.

*Easement. Deed.*

Under a deed which contains no express grant of a right of drainage, the right to maintain a drain not in existence when the deed was given cannot pass by implication as appurtenant to the land.

In a deed of a building lot the words "reserving to the lot next southerly owned by G. the right to enter a drain into a private sewer now on said land", where no such right in G. already exists, do not constitute an exception, but create a reservation, enuring solely to the grantor and giving no easement to G., a stranger to the deed.

BILL IN EQUITY, filed August 17, 1901, to restrain the defendant from using and maintaining a drain from certain land on the east side of Auburn Street, in Haverhill, owned by the defendant, through land on the south side of Sixth Avenue in that city owned by the plaintiff, and praying that the plaintiff be authorized to close the portion of the drain upon its land.

In the Superior Court *Stevens*, J. made a decree granting the relief prayed for; and the defendant appealed. At the request of the defendant the judge reported the material facts found by him, in accordance with R. L. c. 159, § 23.

The report was in substance as follows: The defendant is the owner of the land described as hers in the bill, bounded on the north by the land of the plaintiff also described in the bill. Both parcels of land were owned on and before November, 1885, by one Algernon P. Nichols, who had died before the filing of the bill. The land owned by the defendant was conveyed to her by Nichols by a warranty deed in common form dated November 4, 1885. The land owned by the plaintiff was conveyed to one Warren Hoyt by Nichols, by a warranty deed in common form dated July 12, 1886. In this deed the plaintiff's land was described as bounded on the south by land of Caroline Griffin about one hundred and seven feet more or less, and contained the following clause: " And reserving to the lot next southerly owned by Griffin the right to enter a drain into a private sewer

now on said land." The plaintiff acquired its title through a mortgage given by Hoyt to the plaintiff and foreclosed by the plaintiff. The mortgage did not contain any words relating to the drain. After the conveyance to the defendant, a drain was constructed by her from the lot owned by her into and through the Nichols land, afterwards conveyed to Hoyt. This drain connected with the sewer on·Hoyt's land, and from the autumn of 1885 was in continuous use draining the defendant's lot.

The deed from Nichols to Hoyt containing the clause above quoted was as follows, omitting the portion after the habendum clause which contained the ordinary covenants of a warranty deed :

" Know all men by these presents that I, Algernon P. Nichols of Haverhill in the County of Essex and Commonwealth of Massachusetts, in consideration of two thousand dollars paid by Warren Hoyt of said Haverhill, the receipt whereof is hereby acknowledged, do hereby give, grant bargain sell and convey unto the said Warren Hoyt a certain parcel of land in said Haverhill on the southerly side of Sixth street and bounded on the North by said St. one hundred and ten feet more or less, on the east by land of the Children's Aid Society, about one hundred feet more or less, on the south by land *land* of Caroline Griffin about one hundred and seven feet more or less, and on the West by Auburn street about one hundred feet. Saving and reserving nevertheless to myself and my heirs and assigns forever for the use of said Children's Aid Society a right to pass and repass upon and over a strip of land four feet (4 ft.) wide and seventy-five feet long, extending southerly from Sixth St. and next to land of said Society, so as to make a passage way for the exclusive benefit — the adjoining estates twelve feet wide including the eight feet in width which I reserved for such use in my deed to said Society, and reserving to the lot next southerly owned by Griffin the right to enter a drain into a private sewer now on said land. To have and to hold the granted premises with all the privileges and appurtenances thereto belonging to the said Hoyt and his heirs and assigns to their own use and behoof forever."

*H. N. Merrill,* for the defendant.

*F. H. Pearl,* for the plaintiff.

BRALEY, J.   At the time the defendant obtained title to her land the drain was not in existence and the deed under which she holds is silent as to any right to lay and maintain such a drain through the land of the plaintiff.   Neither does it appear that this alleged right whereby the defendant would be entitled to connect her premises with the public sewer, can be said to arise by implication.   See in this connection *Bumstead* v. *Cook,* 169 Mass. 410.

The case falls within the well recognized general rule that where an easement is not set out in the instrument under which the party claiming the privilege holds title, it must be shown to be actually in existence and connected with the estate conveyed in order to pass as appurtenant by implication.   *Philbrick* v. *Ewing,* 97 Mass. 133.   *Bass* v. *Edwards,* 126 Mass. 445, 449.

In order therefore to maintain her claim she is necessarily obliged to rely on the clause in the deed to the plaintiff's grantor which is in these words, " and reserving to the lot next southerly owned by Griffin the right to enter a drain into a private sewer now on said land," and the rights of the parties must be determined on the construction to be given to this clause.

At the date of this deed so far as the facts appear by the record no such right had been granted to or prescriptively acquired by the defendant, and which might be preserved for her use by the language used, on the ground that thereby an exception was created and hence the easement claimed was excepted from the grant.   But they must be construed as an attempt to vest in the grantor a new interest or right that did not before exist and therefore constitute a reservation rather than an exception.   *Wood* v. *Boyd,* 145 Mass. 176.   *White* v. *New York & New England Railroad,* 156 Mass. 181.

As the defendant was not a party but a stranger to the deed she could gain no rights under the reservation which enured solely to the grantor, and for this reason she did not acquire an easement under it.   *Murphy* v. *Lee,* 144 Mass. 371, 374.

It follows that the decree entered in the Superior Court was right and should be affirmed.

*Decree affirmed.*