STATE *v.* WALTER B. DODGE.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed January 26, 1904.

*No. 123, Acts 1898—Trading Stamp Law—Unconstitutional.*

No. 123, Acts 1898, prohibiting the giving of any stamp, coupon, or other device, in consideration of, or in connection with, the sale of property, as therein provided, violates the Fourteenth Amendment of the Constitution of the United States, and is void.

COMPLAINT for the violation of No. 123, Acts 1898, by delivering to the purchaser certain stamps, or coupons, in consideration of the sale of goods. Plea, not guilty, and trial by Court upon an agreed statement, in the City Court for the city of Burlington, *Hawkins,* Judge. Judgment, guilty. The respondent moved to quash the complaint on the ground that the law under which the complaint is drawn is unconstitutional, in that it is in violation of the Constitution of the State of Vermont, and of the Fourteenth Amendment of the Constitution of the United States. Motion overruled, *pro forma.* The respondent excepted.

The agreed statement shows that the respondent was a drug clerk, and in that capacity sold to the person named in the complaint a tooth brush, and at the same time, and as part of the transaction, delivered to that person three stamps, or coupons, which entitled the purchaser to demand of Sperry & Hutchinson Company any one of a number of articles on exhibition at the store of that company. It did not appear where this store was situated, nor by what arrangement with Sperry & Hutchinson Company said stamps were procured. Sperry & Hutchinson Company is a corporation organized under the laws of the state of New Jersey. The opinion states the other facts.

*Frank W. Tillinghast, John S. Murdock* and *Joseph T. Stearns* for the respondent.

The legislative determination as to what is a proper exercise of the police power is not final, but subject to the supervision of the courts. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *People* v. *Marx,* 99 N. Y. 377.

The police power, in its primary and proper sense, means the power of the Legislature to make such regulations of

personal and property rights as look to health, safety, morals, and peace of the community. The regulation of property affected with a public interest does not rest upon the police power, but upon general governmental powers. Guthrie on the Fourteenth Amend., pp. 73-76; Thayer's Cases on Const. Law, Vol. 1, p. 693; *Munn* v. *Ill.* 94 U. S. 113.

The statute in question is unconstitutional in that it deprives the respondent of liberty and property without due process of law. *Powell* v. *Penn.*, 127 U. S. 678; *Allgeyer* v. *La.*, 165 U. S. 578.

The word "liberty" in the Fourteenth Amendment, means liberty to make contracts. *People* v. *Marx*, 99 N. Y. 377; Matter of Jacobs, 98 N. Y. 98; *Easton* v. *R. Co.*, 51 N. H. 501; *People* v. *Gillson*, 109 N. Y. 389.

This sort of legislation has been held unconstitutional in other states. *People ex rel Madden* v. *Dycker*, 72 Ap. Div. Rep. (N. Y.), 308; *State* v. *Dalton*, 22 R. I. 77; *Comm.* v. *Emerson*, 165 Mass. 146; *Comm.* v. *Sisson*, 178 Mass. 578; *Long* v. *State*, 74 Md. 565; Ex parte McKenna, 126 Cal. 429; *State* v. *Walker*, 105 La. 492.

There is nothing in the nature of a lottery in the trading stamp business. A lottery has in it an appeal to chance. Bishop Stat. Crimes, § 952; Bouv. Law Dic. 281; *Hull* v. *Ruggle*, 56 N. Y. 424; *Wilkinson* v. *Gill*, 74 N. Y. 66; *People* v. *Noelke*, 94 N. Y. 137; *People* v. *Gillson*, 109 N. Y. 389, 402.

*M. G. Leary*, State's Attorney, for the State.

A Court will not declare an act void unless it is clear beyond a doubt that it is in violation of the Constitution. *Fletcher* v. *Peck*, 6 Cranch, 87, 128; 7 Harv. Rev. 129; Funding Cases, 99 U. S. 700, 718; *Atchison, etc. R.* v. *Mathews*, 174 U. S., 96; *Taylor* v. *Place*, 4 R. I. 324.

The U. S. Constitution does not limit the State in the exercise of its police power. *Barbier* v. *Connolly,* 113 U. S. 27; *Comm.* v. *Alger,* 7 Cush. 53; *Gibbons* v. *Ogden,* 9 Wheat. 1; *Lawton* v. *Steel,* 14 S. C. Rep. 499; Slaughter House Cases, 16 Wall. 36; *Powell* v. *Pa.,* 127 U. S. 678; *R. R. Co.* v. *Beckwith,* 129 U. S. 26; *Giozza* v. *Tiernan,* 148 U. S. 657; *Hooper* v. *Cal.,* 155 U. S. 648; *Holden* v. *Hardy,* 169 U. S. 366.

The question here is, did the Legislature enact this measure in the exercise of a reasonable discretion? *Petterson* v. *Ky.,* 97 U. S. 501; *Mugler* v. *Kan.* 123 U. S. 623; *Powell* v. *Pa.* 127 U. S. 678; *Plumley* v. *Mass.* 155 U. S. 461. This act is a valid exercise of the police power to prevent a lottery. *Dunn* v. *People,* 40 Ill. 465; *Taylor* v. *Smetten,* 11 Q. B. P. 207; *Reg.* v. *Harris,* 10 Cox C. C. 352; *Davenport* v. *City,* Pec. Ref. 708; *State* v. *Lumsden,* 89 N. C. 573; *Lansburgh* v. *Dist. of C.,* 11 D. C. App. 512; *Humes* v. *Fort Smith,* 93 Fed. Rep. 857; *Stone* v. *Miss.* 101 U. S. 814; *Phalen* v. *Vir.* 8 How. 163; *Patapsco Guano Co.* v. *N. C. Board of Agr.,* 171 U. S. 345; *Steiner* v. *Ray,* 84 Ala. 93; *State* v. *Corbett,* 57 Minn. 345; *State* v. *Browne, etc. Mfg. Co.,* 18 R. I. 16; *People* v. *Cannon,* 139 N. Y. 32; *Comm.* v. *Roswell,* 53 Atl. 132; *Singer* v. *Md.* 79 Md. 464; *Comm.* v. *Gardner,* 183 Pa. St. 284; *Shelton* v. *Mayor, etc.* 30 Ala. 540.

This statute is not subject to the objection that it is class legislation. *Soon Hing* v. *Crawley,* 113 U. S. 703; *Wick Wo* v. *Hopkins,* 118 U.S. 118, 356; *Ky. R.R. Tax Cases,* 115 U.S. 321; *Missouri, etc. R. Co.* v. *Mackay,* 127 U. S. 205; *Minn. R. R. Co.* v. *Beckwith,* 129 U. S. 26; *State* v. *Broadbelt,* 45 L. R. A. 433; *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557.

START, J. The respondent is charged with the offense of selling to one Claude Graton certain property for a certain

sum of money, and with giving and delivering to Graton in connection with, and in consideration of, the sale three stamps or coupons, which entitled Graton to receive of The Sperry & Hutchinson Company certain property other than the property sold as aforesaid, to wit, a certain watch chain, on presentation of the stamps or coupons to The Sperry & Hutchinson Company, contrary to No. 123 of the Acts of 1898, which is as follows:

"Section 1. No person or company shall in the sale, exchange or disposition of any property, give or deliver in connection therewith or in consideration of said sale, exchange or disposition, any stamp, coupon or other device, which entitles the purchaser or receiver of said property or any other person to demand or receive from any person or company, other than the person making said sale, exchange or disposition, any other property than that actually sold or exchanged; and no person or company other than the person so selling or disposing of property shall deliver any goods, wares or merchandise upon the presentation of such stamp, coupon or other device.

Section 2. Any person or company who violates any provision of the foregoing section shall for each offense be punished by fine of not less than twenty nor more than five hundred dollars."

The respondent insists that this statute is unconstitutional, in that it deprives him of liberty and property without due process of law, which is guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

A person living under the Federal Constitution is at liberty to adopt and follow such lawful industrial pursuits as he sees fit, and has a right to the full exercise and enjoyment of his faculties in a lawful pursuit or calling, in a proper manner, subject only to such restraints as are necessary for the

common welfare. When it is claimed that an act of the
Legislature infringes upon such liberty or right, and the consideration of the act is properly before the Court, it is the
duty of the Court to declare the act invalid, if it infringes upon such liberty or right; and this is so whether the
act purports to be an exercise of the police power of the Legislature, or of its general governmental power to regulate
business affected with a public interest. *Lawton* v. *Steele,*
152 U. S. 133; *Allgeyer* v. *Louisiana,* 165 U. S. 578. ·The
business which the act prohibits is not of a public nature.
Property, the transfer of which is prohibited, is not affected
with a public interest. The merchant who, by the act, is subject to a penalty if he delivers stamps or coupons contrary to
its provisions, is under no duty to serve the public, nor to
sell his wares to any one; and it cannot be said that the enactment is a proper exercise of the general governmental power
of the Legislature to regulate business that is affected with
a public interest, nor is it claimed by the counsel for the State
that the prohibited business in any way affects the public
health or safety. Therefore, the cases where statutes regulating such business have been considered are not controlling
upon the question in the case at bar.

But the counsel for the State contend that the act is·
a valid exercise of the police power of the Legislature, for
the reason that it prohibits schemes which are in the nature
of a lottery. This contention cannot be sustained. There is
no element of chance, nor anything in the nature of gaming,
in the business shown by the complaint to have been conducted by the respondent; on the contrary, it is alleged that
the three stamps delivered by the respondent entitled the purchaser to receive from The Sperry & Hutchinson Company
certain property, to wit, one watch chain. The agreed case·
shows, that these stamps are given to the purchaser of goods

from the merchant and are taken to the store of the Company, where they are exchanged for any one of a large number of articles that the purchaser may select; that these articles are on exhibition at all times, are of sound value, and the number of stamps necessary to obtain the article is indicated thereon; that merchants that give stamps for cash trade display signs in their windows to that effect; that every purchaser can select at the store of the company, before he purchases from the merchant who gives stamps, the article that he wants in exchange for the stamps that are given with the article purchased; that the value of the article given in exchange for stamps varies according to the number of stamps offered; and that, in this case, a leather watch fob was given in exchange for the three stamps. The act itself does not show that the purpose of its enactment was to prohibit transactions having an element of chance; on the contrary, it fairly appears that it was intended to prohibit dealings with reference to some particular article of property, or some one of a given class of articles, for it only prohibits the seller of property from giving a stamp or coupon which entitles the purchaser to demand and receive property from a third party, and the delivery of goods, wares or merchandise upon such stamps or coupons. The seller is still at liberty to give stamps or coupons redeemable by himself in property and, if payable in cash, by a third party. In principle, there is no substantial difference in the two methods. They both accomplish the same results, and in neither method is there an element of chance. The act, in effect, makes it lawful for a merchant to give a trade stamp redeemable by himself in cash or merchandise, and by a third party, in cash, and makes it unlawful for him, under like circumstances and conditions, to give the purchaser a trade stamp which is redeemable in some well defined article by another merchant. This is equivalent to declaring that a

·man shall not give an article as an inducement to a buyer to purchase another article, for it can make no possible difference ·that the article given with the sale is delivered to the purchaser by a third person instead of the seller himself. If the ·purpose of this act was to prohibit transactions having an ·element of chance, there was no occasion for its enactment, for transactions having such elements were already prohibited by V. S. 5125, 5126, 5127. If the giving and redeeming of stamps, coupons or other devices is so conducted as to be in fact a lottery, or chance scheme, the offense is punishable under this statute; but, as we have seen, the complaint does not show that the respondent conducted a business having ·elements of chance, and, therefore, does not charge an offense under this statute.

It is further insisted by the counsel for the State that the ·scheme aimed at is one which is demoralizing to legitimate business; but we see nothing in the prohibited business that ·can be thus characterized. It does not differ from the ordinary business, except in the method of advertising, and in lawful trade inducements. It is true that this method of doing ·business may enable a trader to do more business than he otherwise would, and more than his competitor across the street, who does not choose to incur the expense incident to ·this method of advertising and increasing his business; but this furnishes no reason for prohibiting the business. There must be something in the methods employed which renders it injurious to the public. It is not enough, to bring a given business within the prohibitory power of the Legislature, that ·it is so conducted as to seriously interfere with, or even destroy, the business of others. *State* v. *Dalton,* 22 R. I. 77, 46 Atl. 234.

It is also said that this method of doing business is a ·device whereby dishonest traders are able to defraud ignorant

and confiding purchasers, but this may be said of many methods of doing business, and may furnish a reason for regulating the business in a manner that will give greater protection to the purchaser; but it furnishes no reason for prohibiting the business. It is not attempted by the act to regulate the giving of stamps or coupons redeemable in goods, wares and merchandise by a person other than the giver of the stamp or coupon, but it absolutely prohibits such transactions. It prohibits the carrying on of a branch of business or trade that is not affected with a public interest, and has no relation to the public health, morals or safety, and imposes an arbitrary and unnecessary restraint upon lawful business transactions, and, within the meaning of the Fourteenth Amendment to the Constitution of the United States, is an unlawful restraint upon the liberty of a person to make such contracts, not inconsistent with the lawful rights of others, as he judges for his best interest, and upon the use of his business capacities for a lawful purpose, and falls within the constitutional prohibition, and is not a lawful exercise of the police power of the Legislature.

The view of the fact we have thus taken is supported by the reasoning and holdings in *State* v. *Dalton,* 22 R. I. 77, 46 Atl. 234; *People* v. *Gillson,* 109 N. Y. 389; *Ex Parte McKennon,* 126 Cal. 429; *Long* v. *State,* 74 Md. 565, 22 Atl. 4; *People, Ex. Rel. Madden* v. *Dycker,* 72 N.Y. (Ap. Div. Rep.) 308; where similar statutes have been held unconstitutional.

*Judgment reversed; motion sustained; complaint adjudged insufficient and quashed; respondent discharged and let go without day.*