MICHAEL O'KEEFFE *vs.* CITY OF SOMERVILLE.

Middlesex.     November 14, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Constitutional Law.    Trading Stamps.    Tax,* Excise.    *Words,* " Commodities."

St. 1904, c. 403, attempting to impose an excise tax on the business of selling or giving trading stamps or similar devices in connection with the sale of articles, is unconstitutional and void, the right to transact business in this manner not being a commodity within the meaning of the word "commodities" in Const. Mass. c. 1, § 1, art. 4, and the restriction of such a lawful business not being a proper exercise of the police power.

KNOWLTON, C. J.    This is an action of contract to recover the amount of a tax, levied upon the plaintiff's business under the St. 1904, c. 403, and paid to the defendant under protest. This statute is entitled, "An Act to impose an excise tax on the business of selling, giving or delivering trading stamps, checks, coupons or similar devices in connection with the sale of articles." The first section is as follows: " Every person, firm or corporation selling, giving or delivering trading stamps, checks, coupons or similar devices, in connection with the sale of articles, entitling the holders to receive articles other than the articles so sold, shall pay an excise tax for carrying on such business, equivalent to three per cent of the gross receipts by such person, firm or corporation from the sale of the articles so sold and from the trading stamps, checks, coupons or similar devices sold, given or delivered in connection therewith." The second section requires returns to be made semiannually by persons carrying on the

business mentioned in § 1, showing their gross receipts from sales, and provides for the collection of the prescribed tax by the collector of taxes, upon a warrant issued by the town treasurer. Section 3 prescribes a penalty for a failure to make the returns required.

In the Superior Court the case was submitted upon an agreed statement of facts with exhibits annexed. The presiding judge found for the defendant, and reported the case for determination by this court.

Upon the stipulation of the parties and the report of the judge, the sole question presented is whether this statute is valid. The plaintiff contends that it is unconstitutional, and if his contention is correct, he is entitled to recover. Plainly it cannot stand under the first part of c. 1, § 1, art. 4, of the Constitution of Massachusetts, which gives the Legislature power to "impose and levy proportional and reasonable assessments, rates and taxes," etc., for such taxes are assessed upon property, and they must be proportional as well as reasonable. The defendant's contention is that the tax is valid under the provision, in the same article, which gives the Legislature authority "to impose, and levy, reasonable duties and excises, upon any produce, goods, wares, merchandise, and commodities, whatsoever, brought into, produced, manufactured, or being within the same," etc. It is conceded that a tax under this statute is not a tax upon goods, wares or merchandise. The first and principal question before us is whether the right to conduct the business, in the manner described in the first section, is a commodity within the meaning of the constitution.

The word "commodities," as used in this article, was considered in *Portland Bank* v. *Apthorp*, 12 Mass. 252, and was given a very broad meaning, which was derived by the court in part from the early practice of the Legislature in imposing excise duties and customs upon various articles of merchandise, and upon certain kinds of business. See St. 1781, cc. 17, 33; St. 1782, c. 33; St. 1783, c. 12; St. 1789, c. 48. In some of the later cases similar language has been used, but in others the court seems to have held that the statement, in reference to the taxation of the business of an auctioneer, or an attorney, or a tavern keeper, or a retailer of spirituous liquors, that the

Legislature " may impose the same conditions upon every other employment or handicraft," is too broad. In *Gleason* v. *McKay*, 134 Mass. 419, it was held that a statute, imposing an excise tax upon partnerships and similar associations " in which the beneficial interest is held in shares which are assignable without consent of the other associates specifically authorizing such transfer," was unconstitutional. In giving the opinion of the court, Chief Justice Morton said : " This imposition is clearly not in the nature of a license fee, but is an excise upon a franchise or privilege. The right to levy excises upon franchises has never been extended further than to corporate franchises specially granted by the government, or enjoyed and exercised by its permission. . . . We do not see how this peculiar feature can be called a commodity, subject to a special excise, any more than the agreement of copartnership itself, or any clause or part of it, or any other agreement, right or mode of transacting any business, can be called a commodity, and so liable to taxation at the will of the Legislature. If this tax can be upheld, it seems to us that the necessary result will be that the Legislature has the power to select any business, occupation or calling carried on, or any natural right enjoyed, under the protection of our laws, and impose upon it at its will a special tax or excise. This would be extending the meaning of the word ' commodities ' beyond any reasonable limits." In *Minot* v. *Winthrop*, 162 Mass. 113, this court decided that the right or privilege of transmitting property to one's heirs, legatees or devisees in succession, after one's death, is a commodity, within the meaning of the constitution, and so may be made the subject of an excise tax. Chief Justice Field said in the opinion, " The language of the Constitution of Massachusetts is. general, and may well be held to authorize the laying of excises upon all such gainful employments and privileges as are created or may be regulated by law, and commonly have been considered legitimate subjects of taxation in other States and countries."

It is not necessary in the present case to determine the meaning of the word " commodities," in reference to every possible application of it, but we are of opinion that it is not broad enough to include every occupation which one may follow, in the exercise of a natural right, without aid from the govern-

ment, and without affecting the rights or interests of others in such a way as properly to call for governmental regulation. Whatever may be done by the Congress of the United States under its general power to levy excise taxes, (see *Thomas* v. *United States*, 192 U. S. 363,) we are of opinion that, under the limitation to commodities, the General Court of Massachusetts cannot levy an excise tax upon the business of a husbandman or an ordinary mechanic. If this is not the necessary effect of the decision in *Gleason* v. *McKay*, *ubi supra*, it certainly is intimated by the language of the court in the opinion.

In the statute before us the selling or giving of trading stamps, in connection with the sale of articles, can hardly be considered a business in itself; but the business which the statute seeks to reach is the selling of articles under an arrangement to deliver stamps as a part of the sale, or as an accompaniment of it. The statute includes sales of articles of every kind, and it describes the delivery of stamps in terms that include deliveries which, under the decisions of this court, are entirely unobjectionable in law. *Commonwealth* v. *Sisson*, 178 Mass. 578. *Commonwealth* v. *Emerson*, 165 Mass. 146. Such deliveries have generally been considered permissible in connection with the sale of articles, in the exercise of a common right, and many cases have been decided which invalidate statutes or ordinances intended to prevent such deliveries. *People* v. *Gillson*, 109 N. Y. 389. *People* v. *Zimmerman*, 102 App. Div. (N. Y.) 103. *Ex parte McKenna*, 126 Cal. 429. *State* v. *Dalton*, 22 R. I. 77. *Long* v. *State*, 74 Md. 565. *Young* v. *Commonwealth*, 101 Va. 853. *State* v. *Shugart*, 138 Ala. 86. *State* v. *Dodge*, 76 Vt. 197. *Winston* v. *Beeson*, 135 N. C. 271.

Even if the Legislature might constitutionally impose an excise tax upon the business of selling articles in the usual way, it has not attempted to do so, and this statute, if it were construed in reference to the general business of selling alone, would be unreasonable and unconstitutional, because it would impose a tax upon some vendors and not upon others. We are therefore brought to the question whether the peculiar way of selling, to which the statute relates, involves a material difference in the nature of the business, such as to warrant the imposition of an excise tax on that account. The only difference referred to is

the giving or delivering, as a part of the sale or in connection with it, of a stamp, or other similar device, which represents an additional right of property. Because this is entirely legitimate (see cases above cited) the attempt to tax it, as a peculiar kind of sale, is " a discrimination founded upon an immaterial fact," which renders such a statute invalid. *Minot* v. *Winthrop*, 162 Mass. 113, 122. Taking the acts referred to in the broad terms of the description in the statute, they are not dependent for their legality upon the legislative will, nor do they call for legislative regulation. They are performed in the exercise of a natural right, and are not in any sense rights or privileges conferred by law.

If these stamps were used in such a way as to constitute a lottery or game of chance, the use would be punishable. But this statute purports to deal with such methods of sale as appeared in *Commonwealth* v. *Sisson*, 178 Mass. 578, and in other cases above cited.

One of the reasons why these methods are allowable is found in the familiar principle that constitutional liberty means " the right of one to use his faculties in all lawful ways, to live and work where he will, to earn his livelihood in any lawful calling, and to pursue any lawful trade or avocation." The restrictions upon conduct which may be imposed in the exercise of the police power include everything that may be necessary in the interest of the public health, the public safety or the public morals, and they include nothing more. These doctrines have often been discussed and elaborated, and it is unnecessary to consider them at length in this case. In applying them to the business mentioned in this statute, no reason appears for the imposition of an excise tax upon the business of selling articles with an accompaniment of stamps which entitle the vendee to other property.

*Judgment for the plaintiff.*

*J. H. Jones* (of New York) & *R. M. Morse*, (*P. F. Hall* with them,) for the plaintiff.

*F. W. Kaan*, (*R. E. Joslin* with him,) for the defendant.