[No. 6327. Decided April 23, 1907.]

F. A. LEONARD, *Appellant*, v. W. S. BASSINDALE, *Respondent*.[1]

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—ANTI-TRADING STAMP ACT. State Const. art. 1, § 3, and the Fourteenth Amendment to the Federal constitution, providing that no person shall be deprived of property without due process of law, are violated by the anti-trading stamp act (Laws 1905, p. 376), making it a misdemeanor to sell or exchange property under an inducement or representations that an unidentified or chance prize or premium, or trading stamp or like device entitling the holder to receive a prize or redemption of stamps, is to be part of the transaction.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered May 25, 1906, in favor of the defendant, adjudging the constitutionality of the anti-trading stamp act, which makes it a misdemeanor to sell or exchange property under inducement or representations that an unidentified or chance prize or premium, or trading stamp or like device entitling the holder to receive a prize or redemption of stamps, is to be part of the transaction. Reversed.

*Burkey, O'Brien & Burkey*, for appellant.

*John C. Stallcup* and *J. W. A. Nichols*, for respondent.

[1]Reported in 89 Pac. 879.

FULLERTON, J.—The single question involved on this appeal is the constitutionality of the act of the legislative assembly of March 14, 1905, commonly known as the anti-trading stamp act. Laws 1905, p. 376. The trial court upheld the statute and gave judgment accordingly; but it is claimed by the appellant that the act violates section 3 of art. 1, of the state constitution, which provides that, "No person shall be deprived of life, liberty or property without due process of law." Acts of similar import, under similar constitutional provisions, have been held invalid by the courts of all the states which have been called upon to pass on the question. See, *State v. Shugart*, 138 Ala. 86, 35 South. 28, 100 Am. St. 17; *Ex parte Drexel*, 147 Cal. 763, 82 Pac. 429, 2 L. R. A. (N. S.) 588; *Hewin v. Atlanta*, 121 Ga. 723, 49 S. E. 765, 67 L. R. A. 795; *Commonwealth v. Sisson*, 178 Mass. 578, 60 N. E. 385; *Long v. State*, 74 Md. 565, 22 Atl. 4, 28 Am. St. 268, 12 L. R. A. 425; *State v. Ramseyer*, 73 N. H. 31, 58 Atl. 958; *City of Winston v. Beeson*, 135 N. C. 271, 47 S. E. 457, 65 L. R. A. 167; *State v. Dodge*, 76 Vt. 197, 56 Atl. 983; *Young v. Commonwealth*, 101 Va. 853, 45 S. E. 327; *State v. Dalton*, 22 R. I. 77, 46 Atl. 234, 84 Am. St. 818, 48 L. R. A. 755; *People v. Gillson*, 109 N. Y. 389, 17 N. E. 343, 4 Am. St. 465. Similar acts have been held invalid as a violation of the fourteenth amendment to the constitution of the United States, by the Federal courts, in the following cases: *Ex Parte Hutchinson*, 137 Fed. 950; *Sperry & Hutchinson Co. v. Temple*, 137 Fed. 992. Our attention is called, also, to a recent decision of the District Judge of the Western District of Washington, wherein he held the act in question to be in violation of this provision of the Federal constitution. The decision, however, so far as we are advised, has not been reported.

The only cases upholding the law are, *Humes v. City of Ft. Smith*, 93 Fed. 857; *Lansburgh v. District of Columbia*, 11 D. C. App. 512. These cases, it may be remarked, are

among the earlier ones to reach the courts where the question was presented, but neither the reasoning on which they were based, nor the unquestioned ability of the courts pronouncing the decisions, seem to have been able to withstand the overwhelming trend of opinion to the opposite view.

While we might, were the question one of first impression in the courts, entertain a different opinion, we have felt impelled to follow the great weight of authority and hold the statute unconstitutional, especially in view of the fact that the Federal courts have shown an inclination to hold the statute in contravention of the constitution of the United States.

The judgment appealed from, since it is based on the constitutionality of the act, must be reversed and the cause remanded to the lower court, with instructions to proceed further with the case in disregard of the statute. It is so ordered.

HADLEY, C. J., ROOT, CROW, MOUNT, and DUNBAR, JJ., concur.