### OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

A statute making it a criminal offense to engage in any gift enterprise, and providing that a person who in any manner holds out a promise of gift or bestowal of any article or thing for and in consideration of the purchase by any person of any article or thing shall be deemed to be engaging in a gift enterprise within the meaning of the statute, would be unconstitutional.

THE following order was passed by the House of Representatives on April 4, 1911, and on April 6, 1911, was transmitted to the Justices of the Supreme Judicial Court. On April 17, 1911, the Justices returned the answer which is subjoined.

ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required upon the following important question of law, namely : Would the provisions of the bill now pending in the General Court, which prohibits gift enterprises, being House Bill No. 1097, a copy of which is transmitted herewith, be constitutional if enacted ?

#### HOUSE BILL NO. 1097.

#### An Act Prohibiting Gift Enterprises.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

Section 1. Whoever shall in any manner engage in any gift enterprise business shall be punished by a fine of not more than

one thousand dollars or by imprisonment in the house of correction for not more than six months.

Section 2. Every person who shall either as principal, agent, attorney or employee sell or offer for sale any real estate or article of merchandise of any description whatever, or any ticket of admission to any exhibition or performance, or other place of amusement with a promise, expressed or implied, to give or bestow, or in any manner hold out a promise of gift or bestowal of any article or thing for and in consideration of the purchase by any person of any article or thing, whether the object shall be for individual gain or for the benefit of any institution of whatever character or for any purpose whatever shall be deemed to be engaging in a gift enterprise within the terms and meaning of section one.

Section 3. This act shall take effect upon its passage.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, having considered the question upon which our opinion is required under the order of April 4, 1911, a copy of which is hereto annexed, are constrained to answer it in the negative. The principles applicable to statutes of this kind were considered and discussed in *Commonwealth* v. *Emerson*, 165 Mass. 146, *Commonwealth* v. *Sisson*, 178 Mass. 578, and *O'Keeffe* v. *Somerville*, 190 Mass. 110. In the last of these cases a statute was held unconstitutional in part upon grounds which are equally applicable to the House bill referred to in the order, and which require us to hold that the provisions of this bill are unconstitutional.

The bill is drawn in broad terms, and it purports to forbid transactions that are not different in principle from contracts of sale which always have been held to be within the constitutional right of persons in every State to possess and acquire property, to transact legitimate business and to buy and sell and get gain. U. S. Const. Amendm. art. 14. Declaration of Rights, art. 1. We cannot doubt that the bill is intended only to include cases such as this court held not to be included in St. 1884, c. 277, as amended by St. 1898, c. 576, now R. L. c. 214, § 29. See *Commonwealth* v. *Sisson*, 178 Mass. 578. The reasons for the

decision in the case just cited would not apply to a decision as to the meaning of this bill.

There is nothing in the conduct proposed to be prohibited that necessarily appeals to the gambling instinct or involves any element of chance. Such statutes and ordinances have been held unconstitutional by the highest courts in a large number of States. *State* v. *Shugart*, 138 Ala. 86. *City Council of Montgomery* v. *Kelly*, 142 Ala. 552. *Ex parte McKenna*, 126 Cal. 429. *Ex parte Drexel*, 147 Cal. 763. *Denver* v. *Frueauff*, 39 Col. 20. *Hewin* v. *Atlanta*, 121 Ga. 723, 731. *Long* v. *State*, 74 Md. 565. *State* v. *Sperry & Hutchinson Co.* 110 Minn. 378. *State* v. *Ramseyer*, 73 N. H. 31. *People* v. *Gillson*, 109 N. Y. 389. *People* v. *Dycker*, 72 App. Div. (N. Y.) 308. *People* v. *Zimmerman*, 102 App. Div. (N. Y.) 103. *Winston* v. *Beeson*, 135 N. C. 271. *State* v. *Dalton*, 22 R. I. 77. *State* v. *Dodge*, 76 Vt. 197. *Young* v. *Commonwealth*, 101 Va. 853. There are numerous similar decisions in the federal courts.

The Court of Appeals of the District of Columbia, in its decisions in *Lansburgh* v. *District of Columbia*, 11 App. Cas. (D. C.) 512, and in *District of Columbia* v. *Gregory*, 35 App. Cas. (D. C.) 271, stands almost alone, although it has been followed by one or two federal judges, in reaching an opposite conclusion.

The recent decision in *Matter of Gregory*, 219 U. S. 210, has no bearing upon the question before us, as the judge who wrote the opinion was careful to put the decision upon grounds that have no relation to the validity of such provisions as those of this bill.

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
ARTHUR PRENTICE RUGG.