SPERRY & HUTCHINSON CO. v. CITY OF TACOMA, WASH., et al.

(District Court, W. D. Washington, S. D.    October 29, 1912.)

No. 1,841.

1. COURTS (§ 99*)—LAW OF THE CASE.

In a suit to restrain the enforcement of a municipal ordinance imposing a license tax on certain dealers in trading stamps, a ruling granting an injunction pendente lite was not a final decision, and hence was not res adjudicata on the question of the validity of the ordinance on a hearing on the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

2. JUDGMENT (§ 828*)—RES ADJUDICATA—JUDGMENT ON DEMURRER.

Complainant instituted a suit in a state court to restrain defendants from enforcing a city ordinance imposing a license tax on certain dealers in trading stamps, including complainant, claiming that the ordinance was unconstitutional as depriving complainant of its property without due process of law, as impairing the obligations of complainant's contracts, and was against public policy, etc.    A judgment having been entered sustaining a demurrer to the complaint, complainant refused to plead over, and judgment of dismissal was rendered, whereupon it appealed to the state Supreme Court, and, during the pendency of the appeal, filed a bill in the federal court against the same defendants for the same relief.    Defendants pleaded the judgment in the state court as res adjudicata, and by supplemental answer set up the affirmance of the decision by the state Supreme Court.    Held, that the judgment so affirmed was res adjudicata, and conclusive on the federal court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*]

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468.]

3. COURTS (§ 398*)—FEDERAL COURTS—FEDERAL SUPREME COURT—STATE COURT DECISIONS—CONSTITUTIONAL QUESTIONS—DISCLOSURE.

Where constitutional questions were in fact involved in a suit in a state court carried to the state Supreme Court, the fact that the constitutional questions did not clearly appear so as to confer jurisdiction on the Supreme Court of the United States to review the state court's decision could be cured by certificate from the state Supreme Court or its Chief Justice.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1085–1088; Dec. Dig. § 398.*]

In Equity.    Suit by the Sperry & Hutchinson Company against the City of Tacoma and others to restrain the enforcement of an ordinance imposing a license tax on corporations furnishing trading stamps to be used in connection with sales of goods where the stamps are redeemable by others than the sellers of the goods.    On plea in bar.    Sustained, and findings and decree ordered for defendants.

See, also, 190 Fed. 682; (Wash.) 122 Pac. 1060.

Daniel J. Lyons, of New York City, and Tucker & Hyland, of Seattle, Wash., for plaintiff.

T. L. Stiles, of Tacoma, Wash., for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CUSHMAN, District Judge. This cause is now before the court for final decision.

The complaint was filed herein July 28, 1911, by the plaintiff, a corporation of the state of New Jersey, furnishing merchants with "trading stamps," praying to have decreed unconstitutional and void Ordinance No. 2133 of the city of Tacoma, which ordinance requires any one using "trading stamps" in selling their goods, where the "trading stamps" are redeemable by others than the sellers of the goods, to pay an annual license of one hundred dollars. The complaint, in specifying the invalidity of the ordinance, alleges that the same is oppressive, unreasonable, and arbitrarily discriminatory against the complainant and its customers; that it violates both the state and federal Constitutions, and deprives the complainant and its subscribers of the liberty of contract and of their property without due process of law; that it impairs the obligations of its contracts entered into with its subscribers; that it violates section 10 of article 1, of the Constitution and the fourteenth amendment to the Constitution of the United States; that it further deprives complainant and its subscribers of the equal protection of the law, and that it is in restraint of trade and commerce. Defendants interposed a plea in bar, alleging the commencement of a suit by the complainants against the defendants in the superior court of the state of Washington, supported by the same allegations, for the same relief as that prayed in this suit; that in such suit the superior court of the state held that the plaintiff's complaint did not state facts sufficient to constitute a cause of action against the defendants; that complainant declined to amend and the action was dismissed by the court. There was no answer to the plea in bar, complainant contending that the plea was insufficient, as it did not state that the judgment of the state court was a final judgment.

Upon the hearing on the plea, it was conceded that an appeal had been taken from the judgment of the state court pleaded in bar, and this court held the plea in bar insufficient. After the hearing on the appeal in the state Supreme Court, defendants moved for a stay of proceedings in this court, pending a decision on that appeal. The stay was denied. Both the ruling on the plea in bar and that on the motion to stay were made on the ground that the fact that complainant had first brought a suit in the state court, which was still pending on appeal, in the absence of the possession of any res by that court, would not estop the complainant from proceeding herein; nor justify this court in declining to exercise its jurisdiction, concurrent with that of the state courts. Thereafter complainants filed an amended bill herein; the same being somewhat more detailed in its statements. The amended bill did not contain the allegation which was in the original bill, that the city ordinance was in violation of the state Constitution. Issue was joined. The judgment of the state court was pleaded by the defendants as estopping the complainant, and a reference thereafter had, upon which testimony was taken and returned here, after

which, and before the final hearing, the defendants interposed a supplemental answer, which is not denied, alleging the affirmance of the said decision of the superior court by the state Supreme Court; its remittitur to the superior court and the filing of the same therein making such decision final so far as the state tribunals are concerned.

The decision ([Wash.] 122 Pac. 1060, not yet officially reported) of the Supreme Court, in part, is as follows (after stating the case):

"In this court the only question suggested is the validity of the ordinance. The appellant has filed an exhaustive brief in which it contends that the law is void because prohibitive of appellant's business, because it deprives the appellant of its property without due process of law, because it impairs the obligation of contracts, because it is ultra vires, and because it operates in restraint of competition and in restraint of trade, and is thus void as against public policy. We have not, however, found it necessary to follow the plaintiff in its discussion of the several contentions suggested, as we think they have all been foreclosed by the prior decisions of this court. In Fleetwood v. Read, 21 Wash. 547, 58 Pac. 665, 47 L. R. A. 205, an ordinance of the City of Tacoma, the exact counterpart of the one now in question, was upheld by us against an attack based on the ground that it was void because of the matters charged against the present ordinance, and in numerous cases, decided both before and since that time, we have upheld similar ordinances against similar attacks. Walla Walla v. Ferdon, 21 Wash. 308, 57 Pac. 796; Stull v. De Mattos, 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892; Seattle v. Barto, 31 Wash. 141, 71 Pac. 735; In re Garfinkle, 37 Wash. 650, 80 Pac. 188; Oilure Mfg. Co. v. Pidduck-Ross Co., 38 Wash. 137, 80 Pac. 276; McKnight v. Hodge, 55 Wash. 289, 104 Pac. 504; State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 Pac. 1101 [37 L. R. A. (N. S.) 466]."

Complainant contends that this judgment is not an estoppel, that this court is bound to follow its former rulings in other cases, and also that filed upon the hearing for an injunction pendente lite. Ex parte Hutchinson (C. C.) 137 Fed. 949, and (C. C.) 190 Fed. 682. In these cases this court held this ordinance and other similar ordinances invalid. In an unreported case brought by A. L. Hutchinson and Ernest Hutchinson, copartners, against the city of Tacoma, certain of its officers and other parties joined as alleged conspirators against the plaintiffs, an ordinance substantially the same as the one herein involved was, by this court, held invalid. On the merits of this controversy, various other decisions are relied upon by the complainant: Long v. Maryland, 74 Md. 565, 22 Atl. 4, 12 L. R. A. 425, 28 Am. St. Rep. 268 (1891); Commonwealth v. Moorhead, 7 Pa. Co. Ct. R. 513; People v. Gillson, 109 N. Y. 389, 17 N. E. 343, 4 Am. St. Rep. 465 (1888); Commonwealth v. Emerson, 165 Mass. 146, 42 N. E. 559 (1896); State v. Ramseyer, 73 N. H. 31, 58 Atl. 958, 6 Ann. Cas. 445; State v. Dodge, 76 Vt. 197, 56 Atl. 983, 1 Ann. Cas. 47; State v. Dalton, 22 R. I. 77, 46 Atl. 234, 48 L. R. A. 775, 84 Am. St. Rep. 818; State v. Sperry & Hutchinson Co., 110 Minn. 378, 126 N. W. 120, 30 L. R. A. (N. S.) 966; Ex parte Drexel, 147 Cal. 763, 82 Pac. 429, 2 L. R. A. (N. S.) 588, 3 Ann. Cas. 878; Long v. State, 74 Md. 565, 22 Atl. 4, 12 L. R. A. 425, 28 Am. St. Rep. 268; Winston v. Beeson, 135 N. C. 271, 47 S. E. 457, 65 L. R. A. 167; Young v. Com-

monwealth, 101 Va. 853, 45 S. E. 327; Leonard v. Bassindale, 46 Wash. 301, 89 Pac. 879; O'Keefe v. Somerville, 190 Mass. 110, 76 N. E. 457, 112 Am. St. Rep. 316, 5 Ann. Cas. 684; Commonwealth v. Sisson, 178 Mass. 578, 60 N. E. 385.

[1] Although these decisions would be persuasive in the absence of the adjudication in the state court, pleaded as an estoppel, before considering the merits, the question of estoppel must be disposed of. The ruling granting an injunction pendente lite herein is not res adjudicata this question, for it was not a final decision.

[2] It is not necessary or proper in this case to consider the questions of comity between the state and federal courts; the value of uniformity of decisions or the doctrine of stare decisis. The question is: Was the suit brought by complainant in the state court and by it appealed to the Supreme Court, and there finally decided, of the same scope as the suit now brought in this court, based on the same allegations, between the same parties and for the same relief? Is the question res judicata? There is no substantial difference in the two suits. All the questions raised in this suit were distinctly put in issue in the superior court of the state, and the questions raised were therein decided. In fact, the issues were broader, including the alleged invalidity of the ordinance under the state Constitution; but the greater, necessarily, includes the less.

Although the parties in the state court did not present their evidence, the ruling upon the demurrer, going to the merits, complainant's refusal to plead over, and the judgment of dismissal would have the same effect upon the finality of the decision and the estoppel thereunder as though the case were decided after the taking of evidence upon the merits. Those essentials being present in the decision of the state court, the questions raised are res judicata. Fayerweather v. Ritch, 195 U. S. 276, 25 Sup. Ct. 58, 49 L. Ed. 193. "A judgment rendered on a demurrer is equally conclusive by way of estoppel of the facts confessed by the demurrer as would be a verdict and judgment finding the same facts." 23 Cyc. 1152, note 1 and citations. If this court should now decide contrary to the decision of the state court in this particular matter, there would be no way to give any effect to the decision of that court—a decision invoked upon complainant's own petition and appeal. Complainant contends that the question of the validity of the ordinance under the federal Constitution was not decided by the state court. As shown above, it was therein said:

"The appellant has filed an exhaustive brief in which it contends that the law is void * * * because it deprives the appellant of its property without due process of law, because it impairs the obligation of contracts. * * * We have not, however, found it necessary to follow the plaintiff in its discussion of the several contentions suggested, as we think they have all been foreclosed by the prior decisions of this court."

[3] The foregoing, with complainant's complaint and amended complaint herein, sufficiently shows that the questions under the federal Constitution were raised and necessarily determined in this decision, and the argument of complainant's counsel of inconvenience in

securing a review by the Supreme Court of the United States of the state Supreme Court's decision, because the constitutional questions decided do not therein appear with sufficient clearness is not persuasive, for, were the same conceded, it could be cured by a certificate from the state Supreme Court, or its Chief Justice. 2 Foster's Federal Practice (3d Ed.) § 500, note 44, and citations. In the reply brief of the complainant, it is urged that the complainant should not be penalized for the mistake of its former counsel. The record in this case does not disclose any such mistake on the part of complainant's counsel as would afford a ground for equitable relief.

Findings and decree may be prepared in accordance with this opinion. The questions, other than that of estoppel, will not be considered.