[No. 1115. Decided February 14, 1894.]

THE CITY OF ABERDEEN, *Respondent*, v. ALBERT A. HONEY· *et al.*, *Appellants.*

ACTION ON BOND — LIABILITY OF OBLIGORS — PENALTY — POWER OF CITY TO TAKE BOND FOR LIQUIDATED DAMAGES.

Where a bond is given by individuals to a city, conditioned that a certain corporation will construct and complete a street railway within a given time, according to the provisions of an ordinance of the city granting said corporation a franchise for the purpose, the obligors are not liable for the failure of the corporation to comply

with the terms of the franchise, as such bond on their part is without consideration.

Where a bond is given in a penal sum, conditioned that the construction of a certain street railway will be commenced and completed according to the terms of a certain franchise granted by a city, such bond is a penal one and there can be no recovery thereon when there is no proof showing that any actual damages had accrued to the city by reason of a failure to construct the railway.

It is not within the corporate powers of a city of the third class to take a bond conditioned that the obligors shall construct a street railway upon its streets, and in case of default shall pay a certain sum as liquidated damages.

*Appeal from Superior Court, Chehalis County.*

*Wm. W. Archer*, and *Ben. Sheeks*, for appellants.
*Wm. O. McKinlay*, for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent, the city of Aberdeen, is a city of the third class, and brought suit to recover of the appellants the sum of $2,500, which was the penal sum in a certain bond theretofore executed by the appellants to the respondent city, under the following circumstances:

The Pacific Wheless Electric Railway Company was, in 1891, a corporation authorized to do business in this state, and in that year made application to the respondent city for a franchise to construct and operate a street railway in said city. In compliance with the company's request, the city, by its council, passed an ordinance, which contained the following:

"SEC. 18. Said grantees shall deposit with the city clerk of Aberdeen at the time of the filing of their acceptance of this ordinance, a bond in the sum of $2,500, gold coin of the United States of America, to be approved by the council, conditioned that they will pay said sum to the city of Aberdeen in the event that said grantees do not construct and complete said road in accordance with the terms and conditions of this ordinance."

The grantees mentioned as named in the ordinance were the "Pacific Wheless Electric Railway Company, and their assigns." The ordinance was duly accepted by the company, and in assumed compliance with said § 18 a bond was executed, which is the bond now in suit. This bond was not executed by the Pacific Wheless Electric Railway Company, but by four individuals who are the appellants here. The bond is in the penal sum of $2,500, and is conditioned as follows:

"The conditions of the above obligation are such that, if the above bounden obligors shall, on or before the 14th day of April, 1891, actually commence in good faith the work of constructing the street railway under and according to the provisions of that certain franchise, right or privilege heretofore granted by the said city of Aberdeen, acting by and through its mayor and common council by ordinance, duly passed and signed upon the 14th day of February, 1891, unto the Pacific Wheless Electric Railway Company, and shall well and truly construct, finish and in all things complete the said railway on or before one year from the said 14th day of April, 1891, according to the provisions of the ordinance aforesaid, then this obligation to be void, otherwise to remain in full force and effect."

Judgment in the full sum of the bond was rendered against appellants, and they now urge several reasons why the judgement should be reversed. These reasons we hold to be amply sufficient, and they are as follows:

1. The bond in question was not the bond required by the ordinance. It was not the bond of the Pacific Wheless Electric Railway Company, to which the ordinance granted the franchise.

2. There was no consideration running to the obligors in the bond for the reason that no franchise had been granted to them, and they, as individuals, would have had no right to construct any street railway under the franchise granted to the Pacific Wheless Electric Railway Company,

it not appearing that the franchise had been assigned to them.

3. The bond was a penal bond, and no proof was offered showing any actual damages which had accrued to the city by reason of the failure to construct the railroad. There was a total failure, nothing ever having been done towards its construction.

4. If the bond were considered to be one for liquidated damages, it was not within the corporate powers of the city of Aberdeen to take such a bond.

The law of its incorporation (Laws 1890, p. 184, § 117, subd. 13) authorizes it "to permit, under such restrictions as they may deem proper, the laying of railroad tracks, and the running of cars drawn by horses, steam or other power thereon." This provision did not authorize the corporation to build or operate a street railroad, and it could not therefore make a lawful contract for the building of one. Neither could it take such a bond for the purpose of making a profit out of it in case the grantee of the franchise should not proceed with the contemplated work. Its only authority to obtain revenue was, under its charter, through the medium of taxation or some kindred means, such as licenses, fines and the like. *Herzo v. San Francisco*, 33 Cal. 134.

The demurrer to the complaint should have been sustained and the cause dismissed. The judgment will be reversed, and the cause remanded with directions accordingly.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.