[No. 5384.   Decided April 5, 1905.]

OILURE MANUFACTURING COMPANY, *Respondent*, v.
PIDDUCK-ROSS COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—LICENSE OF BUSINESS—TAXATION—
TRADING STAMPS. A municipal ordinance requiring the payment
of a license fee by persons transacting or soliciting business
through the use or medium of trading stamps, is a valid exercise
of the taxing power.

SAME—CONTRACTS—VIOLATING ORDINANCE REQUIRING PAYMENT
OF LICENSE FEES. The courts will not enforce a contract with
reference to the use of trading stamps, where the same was en-
tered into in violation of an ordinance requiring the payment of
a license fee for transacting business with such trading stamps,
and such ordinance may be pleaded, and is a good defense, to an
action upon the contract.

SAME—INTERSTATE COMMERCE—NONRESIDENTS SOLICITING BUSI-
NESS FOR RESIDENT OF THIS STATE. A municipal ordinance requir-
ing the payment of a license fee, by persons transacting or solicit-
ing business through the medium of trading stamps, is not void
as an interference with interstate commerce, as applied to a con-
tract by a nonresident to solicit business in a city of this state
for a resident business man of said city, there being no inter-
ference with the right of anyone to solicit in this state sales of
goods in a foreign state; since the object was not to make a tax
on sales, but to tax a peculiar method of doing business.

Appeal from a judgment of the superior court for King
county, Morris, J., entered June 6, 1904, upon findings
in favor of the plaintiff, after a trial on the merits before
the court, a jury being waived, in an action on contract.
Reversed.

*John E. Humphries* and *Harrison Bostwick,* for appel-
lant. The ordinance is not unconstitutional. *Fleetwood
v. Read,* 21 Wash. 457, 58 Pac. 665, 47 L. R. A. 205;
*Walla Walla v. Ferdon,* 21 Wash. 308, 57 Pac. 796; *Stull*

[1]Reported in 80 Pac. 276.

*v. De Mattos,* 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892.
The ordinance is reasonable. *Ogden City v. Crossman,* 17
Utah 66, 53 Pac. 985; *Titusville v. Brennan,* 143 Pa. St.
642, 22 Atl. 893, 24 Am. St. 580, 14 L. R. A. 100;
*Davis & Co. v. Mayor of Macon,* 64 Ga. 128, 37 Am. Rep.
60; *In re Chipchase,* 56 Kan. 357, 43 Pac. 264; *Newton
v. Atchison,* 31 Kan. 151, 1 Pac. 288, 47 Am. Rep. 486.
A contract made in violation of the ordinance is void.
*Buckley v. Humason,* 50 Minn. 195, 52 N. W. 385, 36
Am. St. 637, 16 L. R. A. 423; *Skelton v. Bliss,* 7 Ind.
77; *Downing v. Ringer,* 7 Mo. 585; *Penn v. Bornman,* 102
Ill. 523; *Pike v. King,* 16 Iowa 49; *Sharp v. Teese,* 9 N.
J. L. 353, 17 Am. Dec. 479; *Bank of Rutland v. Parsons,*
21 Vt. 199. The statutory imposition of a penalty ren-
ders the contract void although it is not prohibited in
terms. *Stanley v. Nelson,* 28 Ala. 514; *Dillon & Palmer
v. Allen,* 46 Iowa 299, 26 Am. Rep. 145; *Murphy v. Simp-
son,* 53 Ky. 419; *Tucker v. West,* 29 Ark. 386; *Covington
v. Threadgill,* 88 N. C. 186; *McConnell v. Kitchens,* 20
S. C. 430, 47 Am. Rep. 845. Failure to take out a license
precludes enforcement of the contract. *Rash v. Farley*
91 Ky. 344, 15 S. W. 862, 34 Am. St. 233; *Stewartson v.
Lothrop,* 12 Gray 52; *De Wit v. Lander,* 72 Wis. 120, 39
N. W. 349.

*Allen, Allen & Stratton,* for respondents. The ordi-
nance is an unlawful interference with the freedom of
contract, and a denial to plaintiff of the equal protection
of the laws. 60 Cent. Law J. 201; *Hewin v. Atlanta*
(Ga.), 49 S. E. 765; *Stull v. De Mattos,* 23 Wash. 71, 62
Pac. 451, 51 L. R. A. 892; *In re Jacobs,* 98 N. Y. 98,
50 Am. Rep. 636; *Carrollton v. Bazzette,* 159 Ill. 284, 42
N. E. 837, 31 L. R. A. 522; *State Center v. Barenstein,*
66 Iowa 249, 23 N. W. 652; *Ottumwa v. Zekind,* 95 Iowa

622, 64 N. W. 646, 58 Am. St. 447, 29 L. R. A. 734;
*Lyons v. Cooper,* 39 Kan. 324, 18 Pac. 296; *Chaddock v.
Day,* 75 Mich. 527, 42 N. W. 977, 13 Am. St. 468;
*Brooks v. Mangan,* 86 Mich. 576, 49 N. W. 633, 24 Am.
St. 137; *Caldwell v. Lincoln,* 19 Neb. 569, 27 N. W.
647; 57 Cent. Law J. 421. A purely arbitrary classification,
such as this, cannot be sustained. *Dickinson v. Fletcher,*
L. R., 9 C. P. 1; *McDaniels v. Connelly Shoe Co.,* 30
Wash. 549, 71 Pac. 37, 60 L. R. A. 947; *State v. Ide,*
35 Wash. 576, 77 Pac. 961. The city cannot declare the
contract void in the absence of express authority. *Bur-
bank v. McDuffee,* 65 Me. 135; *Gunnaldson v. Nyhus,* 27
Minn. 440, 8 N. W. 147; *Mandlebaum v. Gregovich,* 17
Nev. 87, 28 Pac. 121, 45 Am. Rep. 433; *Rahter v. First
Nat. Bank,* 92 Pa. St. 393; *State ex rel. Baldwin v. Moore,*
7 Wash. 173, 34 Pac. 461. If the ordinance applies to
the contract in suit, it is void as an interference with in-
terstate commerce. *Robbins v. Shelby County Tax Dist.,*
120 U. S. 489, 7 Sup. Ct. 592, 30 L. Ed. 695; *Brennan
v. Titusville,* 153 U. S. 289, 14 Sup. Ct. 829, 38 L. Ed.
719; *Laurens v. Elmore,* 55 S. C. 477, 33 S. E. 560, 45
L. R. A. 249; *State v. Scott,* 98 Tenn. 254, 39 S. W. 1,
36 L. R. A. 461; *Stockard v. Morgan,* 185 U. S. 27, 22
Sup. Ct. 576, 46 L. Ed. 785; *Id.,* 11 Rose's Notes, p. 293.

DUNBAR, J.—This is an action by the respondent
against the appellant, to recover of the appellant on a
certain contract, set out in the complaint, the sum of
$200, with interest, etc. The agreement upon which the
action was based, and the violation of which is alleged,
is what is known as a "trading stamp" agreement. The de-
fendant made an order for $200 worth of oval picture
frames, and the plaintiff agreed to print in their coupon
folder the name and business of the merchant making the

order, to canvass and deliver to the homes of the people of Seattle and vicinity copies of said folder, and to instruct and explain to them how they were to use the same, and to secure at least one hundred or more orders from persons for portraits, each person agreeing to trade to the value of $25 with the merchant whose name appeared in the coupon folder, and to secure the portraits at this merchant's store or place of business, free upon presentation of one filled coupon folder; and, in consideration of this service, the defendant agreed to pay the company for the said frames, upon the completion of said canvass, with some other minor stipulations. And it is alleged that the plaintiff did print in its coupon folder the name and business of the defendant, canvassed and delivered to the homes of the people of Seattle and vicinity a copy of the said folder, and instructed them according to the agreement, and that it secured at least one hundred orders from persons for portraits, each of which persons agreed to trade to the value of $25 with the defendant and to secure the portrait at its store; and, after having complied with its agreement, the defendant failed to carry out its part of the contract. Judgment is asked for $200, with interest from the date of the agreement.

The defendant demurred to the complaint, for the reason that it did not state a cause of action, which demurrer was overruled. The defendant then answered, denying sundry allegations of the complaint; alleging that, at the time of the execution of the contract, the defendant was engaged in business in Seattle, state of Washington, and that the business described in the complaint was to be carried on in said Seattle by the plaintiff and defendant; then, set up an ordinance of the city of Seattle, requiring a license of $600 to be paid by any one desiring to transact such business as was described in the complaint, and a license of $100 to be paid by any merchant

who uses any of the stamps, checks, or tickets mentioned in the complaint, with a penalty for violation, etc.    The answer alleges that neither plaintiff nor defendant paid into the city treasury the said sum of $600 to procure said license, or any sum, and that no agreement was ever made to procure a license;

"that it was agreed that said contract was to be carried on without any license whatever; that the sale of these tickets and stamps, without procuring the license in the city, was illegal and void, and in violation of law, and that the plaintiff, for the purpose of cheating and defrauding defendant, falsely and fraudulently represented and pretended to it that the process used by plaintiff was not in violation of the ordinance, and the defendant believed said representations to be true, and did not know that they were false, and was induced thereby to sign said contract; when in truth and in fact said representations were false, and known at the time to be false, by the plaintiff."

A demurrer was interposed to this affirmative defense, which demurrer was sustained by the court.    Trial was had upon the issues made by the complaint, and the direct answer thereto, and judgment in favor of the plaintiff was rendered by the court, a jury having been waived.

It is assigned that the court erred in sustaining the demurrer to the first affirmative defense, and the view we take of the law governing this assignment renders unnecessary a discussion of the others.    The demurrer to the affirmative defense must have been sustained on the theory that the ordinance pleaded in said defense was illegal and void, and an argument to that effect is presented in respondent's brief.    But all the questions raised by the respondent in relation to this ordinance, both as to its legality and its prohibitive character, have been decided against respondent's contention in *Fleetwood v. Read,* 21 Wash. 547, 58 Pac. 665, 47 L. R. A. 205; *Stull v. De*

*Mattos,* 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892, and *In re Garfinkle,* 37 Wash. 650, 80 Pac. 188; and we therefore think it unnecessary to enter again into a discussion of the questions involved.     The plaintiff and defendant being engaged in a business which was in violation of the law, under the universal rule, the courts will leave them where they have so illegally placed themselves.

It is stoutly contended, however, by the respondent that, if the ordinance applies to the contract in suit, it is void as an interference with interstate commerce.     It is undoubtedly true that the commerce power of Congress is exclusive when subjects are international in character, and that, the states of the Union all belonging to one government, the federal Congress alone can regulate and control interstate commerce.     But it does not seem to us that this principle is in any way violated by the ordinances in question, interpreted in the light of the testimony in this case.     We have examined the cases cited by the respondent on this proposition, but they do not seem to us to bear upon the question discussed.

The first case cited, viz., *Robbins v. Shelby County Tax. Dist.* 120 U. S. 489, 7 Sup. Ct. 592, 30 L. Ed. 694, was a case where there was a tax in Tennessee imposed upon drummers and all persons not having a regularly licensed house of business in the taxing district, offering for sale or selling goods, wares, or merchandise without the payment of so much per month for the privilege.     It seems that Robbins, the defendant in the case, was soliciting trade by the use of samples for the house or firm for which he worked as a drummer, said firm being located in Cincinnati, Ohio, and all the members of said firm being citizens and residents of Ohio.     Rose, Robbins & Co. were engaged in selling paper, writing materials, and such articles as are kept in book stores, in the taxing district,

and it was held that this provision of the law was void as
to one soliciting the purchase of goods from firms furnish-
ing such goods in another state, on the theory, just an-
nounced above, that Congress had the exclusive right to
regulate commerce between the citizens of two different
states.   But there is nothing in this case which shows that
there was any interference by the ordinance with the right
of any one to solicit in this state sales of goods in the
state of Illinois, where this plaintiff company lives and
does business.   The business it was transacting, according
to its complaint, was soliciting, in the city of Seattle and
state of Washington, business for a resident business man
of the said city of Seattle.   It is not the office of this
ordinance to make a tax on the sale of goods at all, but
it is to license and tax a peculiar method of doing busi-
ness, and the ordinance would have little effective force, if
it were to exempt from its operations and demands non-
residents of the state.

The next case cited, *Stockard v. Morgan,* 185 U. S. 27,
22 Sup. Ct. 576, 46 L. Ed. 785, was based upon the
doctrine announced in *Robbins v. Shelby County Tax.
Dist. supra,* and the facts set forth in the case bring it no
nearer to the case in question than was that case. In
*Brennan v. Titusville,* 153 U. S. 289, 14 Sup. Ct. 829,
38 L. Ed. 719, the question raised was whether a manu-
facturer of goods, who carries on his business of manu-
facturing in one state, can send an agent into another
state to solicit orders for the products of his manufactory,
without paying to the other state a tax for the privilege
of thus trying to sell his goods.   And all the other cases
are cases involving the same principle, the law of which
is well settled, but does not affect the issues or principles
involved in this case.

The court erred in sustaining the demurrer to the af-

firmative defense discussed. For that reason, the judgment will be reversed, and the cause remanded, with instructions to overrule said demurrer.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.