[No. 10016.    Department Two.    April 15, 1912.]

SPERRY & HUTCHINSON COMPANY, *Appellant*, v. THE CITY OF TACOMA *et al.*, *Respondents*.[1]

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—CLASS LEGISLATION—REGULATION OF BUSINESS—TRADING STAMPS—LICENSE. An ordinance requiring a city license to issue trading stamps used in selling goods is not unconstitutional as depriving one of property without due process, or impairing the obligation of contracts, or *ultra vires*, or in restraint of trade, or void as against public policy, or for any other reason.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered August 11, 1911, upon sustaining a demurrer to the complaint, dismissing an action to enjoin the enforcement of a city ordinance. Affirmed.

*Tucker & Hyland* (*John Hall Jones* and *Daniel J. Lyons*, of counsel), for appellant.

*T. L. Stiles, F. R. Baker*, and *F. M. Carnahan*, for respondents.

FULLERTON, J.—On July 13, 1904, the city of Tacoma enacted the following ordinance:

"Be it ordained by the city of Tacoma:
"Section 1. Every firm, person or corporation within the city of Tacoma, who shall use any stamps, coupons, tickets,

[1]Reported in 122 Pac. 1060.

cards or other similar devices for the sale of goods, wares and merchandise, which said stamp, coupon, tickets or other similar devices, shall entitle the purchaser receiving the same to procure from any other person, firm or corporation any goods, wares or merchandise free of charge, upon production of any number of said stamps, tickets, coupons, cards or other similar devices, shall, before using the same obtain a license therefor from the city clerk.

"Section 2. Before obtaining such license, the person applying therefor shall pay to the city treasurer the sum of one hundred dollars ($100), and upon such payment being made, and filing a receipt therefor, with the city clerk, the city clerk shall issue to the person, firm or corporation making such payment a license to use, for one year, the stamps, coupons, tickets, cards or other similar devices mentioned in section 1, of this ordinance.

"Section 3. That any person violating the provisions of this ordinance shall be punished by a fine of not less than fifty dollars ($50) and not exceeding one hundred dollars ($100), or by imprisonment not exceeding thirty (30) days, or by both such fine and imprisonment.

"Section 4. That ordinance No. 1298 and ordinance No. 2092, and all other ordinances of the city of Tacoma, in conflict herewith, be, and same are, hereby repealed." Ordinance, No. 2,133.

On July 7, 1911, the appellant as plaintiff began the present action to enjoin the city and its officers from enforcing or attempting to enforce the ordinance, on the ground that the same was unconstitutional and void. Facts were set forth in the complaint tending to show that the appellant was engaged in a business which would be injuriously affected by the enforcement of the ordinance, and facts tending to show otherwise its right to assert its invalidity. To the complaint, a general demurrer was interposed, which the court sustained. The appellant elected to stand upon its complaint, whereupon the court entered judgment of dismissal with costs. This appeal followed.

In this court the only question suggested is the validity of the ordinance. The appellant has filed an exhaustive brief

in which it contends that the law is void because prohibitive of the appellant's business, because it deprives the appellant of its property without due process of law, because it impairs the obligation of contracts, because it is *ultra vires,* and because it operates in restraint of competition and in restraint of trade, and is thus void as against public policy. We have not, however, found it necessary to follow the plaintiff in its discussion of the several contentions suggested, as we think they have all been foreclosed by the prior decisions of this court. In *Fleetwood v. Read,* 21 Wash. 547, 58 Pac. 665, 47 L. R. A. 205, an ordinance of the city of Tacoma, the exact counterpart of the one now in question, was upheld by us against an attack based on the ground that it was void because of the matters charged against the present ordinance; and in numerous cases decided both before and since that time, we have upheld similar ordinances against similar attacks. *Walla Walla v. Ferdon,* 21 Wash. 302, 57 Pac. 796; *Stull v. De Mattos,* 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892; *Seattle v. Barto,* 31 Wash. 141, 71 Pac. 735; *In re Garfinkle,* 37 Wash. 650, 80 Pac. 188; *Oilure Mfg. Co. v. Pidduck-Ross Co.,* 38 Wash. 137, 80 Pac. 276; *McKnight v. Hodge,* 55 Wash. 289, 104 Pac. 504; *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101.

The case of *Fleetwood v. Read, supra,* is cited in all of the foregoing cases with two exceptions, and is in each instance mentioned with approval. It is also cited with approval in the cases of *State v. Clark,* 30 Wash. 439, 71 Pac. 20; *State v. Ide,* 35 Wash. 576, 77 Pac. 961, 102 Am. St. 914, 67 L. R. A. 280; and *Thurston County v. Tenino Stone Quarries,* 44 Wash. 351, 87 Pac. 634; although the point at issue in these cases was not the validity of a license ordinance.

These cases are conclusive of the questions at bar if they are allowed to control, as to hold with the appellant is to deny their authority. We believe they were rightly decided, and decline to overrule them.

It is thought the appellant's contention is sustained by the

case of *Leonard v. Bassindale*, 46 Wash. 301, 89 Pac. 879, which holds unconstitutional the act of the legislature forbidding the use by merchants of trading stamps. But a business may be subject to license for the purposes of regulation and revenue which cannot be absolutely prohibited. There is not, therefore, any conflict between that case and the cases above cited.

The judgment appealed from is affirmed.

DUNBAR, C. J., MOUNT, MORRIS, and ELLIS, JJ., concur.