SPERRY & HUTCHINSON CO. v. CITY OF TACOMA, WASH., et al.

(District Court, W. D. Washington, S. D. May 21, 1913.)

No. 1,841.

COURTS (§ 493*)—JURISDICTION—COMITY.

Suit having been brought in the federal court to restrain the enforcement of a city ordinance, a temporary injunction was ordered, and continued at a subsequent term until further order of the court. The case having been finally dismissed and injunction vacated, without cancellation of the injunction bond, suit was brought thereon by the city in the state court. *Held* that, a state court having assumed jurisdiction, a federal court would not entertain a subsequent proceeding during the pendency thereof to cancel the bond.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1352; Dec. Dig. § 493.*]

In Equity. Suit by the Sperry & Hutchinson Company against the City of Tacoma, Wash., and others. On motion for the cancellation of an injunction bond. Denied.

See, also, 68 Wash. 254, 122 Pac. 1060.

Tucker & Hyland, of Seattle, Wash., and D. J. Lyons, of New York City, for claimant.

T. L. Stiles, of Tacoma, Wash., for defendants.

CUSHMAN, District Judge. On the 29th of July, 1911, plaintiff began this action against the defendants, to enjoin and restrain them from enforcing an ordinance of the city of Tacoma, and from collecting a license fee thereunder from persons and firms using plaintiff's trading stamps. An order was issued by the court, restraining the defendants from enforcing said ordinance, to secure which order a bond was given by plaintiff, conditioned that the plaintiff should pay all damages and costs which should accrue by reason of the issuance and continuance of the restraining order.

In October, 1911, an order was made herein continuing in effect said restraining order as a temporary injunction, until otherwise ordered by the court. At the last (July) term of this court the cause was finally determined, and judgment entered, dismissing the suit, vacating the injunctional order, with costs to the defendant. 199 Fed. 853. This judgment is unreversed, and there has been no appeal. In January, 1913, and during the last term of this court, an action was begun on the bond in the state court by the city of Tacoma. To the complaint in that action the defendant filed a general demurrer, which demurrer was overruled.

Plaintiff now moves this court, at this, the February, term, for a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cancellation of the bond required and given at the time of the issuance of the restraining order.

Complainant relies on the following authorities: Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060; Coosaw Min. Co. v. Carolina Min. Co. (C. C.) 75 Fed. 867; A. Palmer v. Foley, 71 N. Y. 106; Krug v. Bishop, 44 Ohio St. 221, 6 N. E. 252; N. Y. W. S. R. R. Co. v. Omerod, 29 Hun (N. Y.) 274; Scott v. Frank, 121 Iowa, 218, 96 N. W. 764; Smith v. Kuhl, 26 N. J. Eq. 97; Crawford v. Parson, 116 N. C. 718, 21 S. E. 561; Gray v. Bremer, 122 Iowa, 110, 97 N. W. 991; Olds v. Cary, 13 Or. 362, 10 Pac. 786; Aberdeen v. Honey, 8 Wash. 251, 35 Pac. 1097; Terry v. Robbins (C. C.) 122 Fed. 725.

In addition to certain authorities cited by claimant, defendants rely on Encyc. of U. S. S. C. Rpts. vol. 7, 581.

The judgment of dismissal was entered herein because the plaintiff was estopped by a judgment of the Supreme Court of the state of Washington, rendered upon plaintiff's appeal from the judgment of the superior court of the state of Washington. 68 Wash. 254, 122 Pac. 1060.

Plaintiff argues that, because the judgment did not undertake to determine plaintiff's right to the restraining order at the time it was issued, but was so rendered on account of the subsequent determination of the cause in the Supreme Court of the state, no action will lie upon the bond. It further makes the same contention on the ground that the restraining order, being upon its return continued during the pendency of the litigation, the order so continuing it was, in effect, a decision that it had been rightfully issued, and that the bond had served its purpose, and no action would lie upon it.

So far as this cause is concerned, the correctness of plaintiff's position in these matters may be conceded. It is held neither necessary nor proper to decide, after the rendition of a final judgment herein at the last term of court—with no order made retaining jurisdiction for any purpose—whether, under any circumstances, this court would have jurisdiction to determine, in an ancillary and summary proceeding, the rights upon the bond, and the amount of damages, if any, to which defendants would be entitled.

"Other cases are referred to by the counsel of the appellants to sustain their position; but upon a careful examination we are not satisfied that they furnish any good authority for disaffirming the power of the court *having possession of the case*, in the absence of any statute to the contrary, to have the damages assessed under its own direction. This is the ordinary course in the Court of Chancery in England, by whose practice the courts of the United States are governed, and seems to be in accordance with sound principle. The imposition of terms and conditions upon the parties before the court is an incident to its jurisdiction over the case; and, having possession of the principal case, it is fitting that it should have power to dispose of the incidents arising therein, and *thus do complete justice, and put an end to further litigation*. We are inclined to think that the court has this power, and that it is an inherent power, which does not depend on any provision in the bond that the party shall abide by such order as the court may make as to damages (which is the usual formula in England), nor on the existence of an express law or rule of court (as adopted in some of the states) that the damages may be ascertained by reference or otherwise, as the court may direct; this being a mere appendage to the principal provision requiring a

bond to be taken, and not conferring the power to take one, or to deal with it after it has been taken. But whilst the court may have (we do not now undertake to decide that it has) the power to assess the damages, yet if it has that power, it is in its discretion to exercise it, or to leave the parties to an action at law. No doubt in many cases the latter course would be the more suitable and convenient one." Russell v. Farley, 105 U. S. 433, 445, 446, 26 L. Ed. 1060.

It is clear from the foregoing that the right to a summary determination of the liability upon the bond in the original proceeding is discretionary with the court and a cumulative remedy. This is the general rule in all summary proceedings (37 cyc. 528, note 6), which includes summary proceedings upon bonds given in judicial proceedings (Id. 531, citations section IV).

The obligee in the bond having elected to begin a regular action at law in the state court—a court of general jurisdiction—before the making of the motion herein, in which action plaintiff herein has joined issue, comity, reason, and authority unite in requiring this court to refuse, in the exercise of its discretion, to entertain this motion, without regard to its power, leaving the parties to the state tribunal for the determination of the question of liability upon the bond. 15 Cyc. 262 (VII), and citations, note 66.

This motion is denied