[No. 12049.  Department Two.  December 1, 1914.]

THE CITY OF TACOMA, *Respondent*, v. SPERRY & HUTCHINSON COMPANY *et al.*, *Appellants.*[1]

INJUNCTION — BONDS—LIABILITY ON DISSOLUTION — "WRONGFULLY SUED OUT"—MATTERS OCCURRING SUBSEQUENT TO ACTION—JUDGMENT—BAR.  Where an action for injunction in the Federal court was dismissed, on a plea of estoppel by reason of an adverse decision in an action in the state courts between the same parties, the effect of the dismissal is that the injunction was wrongfully sued out, and liability therefor arises on the injunction bond; and it is immaterial that the estoppel arose subsequent to the institution of that suit; since the matters arising subsequently had a direct bearing upon the merits of the suit; the judgment in the state court being a bar between the parties and conclusive upon courts of concurrent jurisdiction.

SAME—BONDS—WRONGFULLY SUED OUT—GOOD FAITH—JUSTIFICATION.  The fact that ordinances authorizing the collection of license fees for the use of trading stamps had been held void in the Federal courts, does not justify the simultaneous prosecution of an action in both state and Federal courts for an injunction to restrain enforcement of such an ordinance, or show that the application in the Federal court was in good faith, where the action was first brought in the state court.

SAME—BONDS—CONDITION—DAMAGES—MEASURE.  In an action to restrain the enforcement of an ordinance for the collection of license fees for the use of trading stamps, an injunction bond, conditioned to pay all damages that may accrue to the city by the issuance or continuance of the order, not exceeding $1,000, entitles the city to collect the amount of the bond, where they were prevented from collecting forty-two license fees from various parties using trading stamps, aggregating more than the amount of the bond; and it is immaterial that the city had never before collected from these people.

INTEREST—ON BONDS—WHEN ACCRUES.  In an action on an injunction bond, the plaintiff may recover the amount of the bond, with interest from the time the action was commenced.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered January 31, 1914, in favor of

[1]Reported in 144 Pac. 544.

the plaintiff, upon an agreed statement of facts, in an action on contract.    Affirmed.

*Bates, Peer & Peterson (Frank T. Wolcott, of counsel),* for appellants.

*T. L. Stiles* and *Frank M. Carnahan,* for respondent.

MOUNT, J.—This action was brought to recover upon an injunction bond.    It was tried upon an agreed statement of facts, and resulted in a judgment in favor of the plaintiff. The defendants have appealed.    The facts are as follows: On July 7, 1911, the defendant, Sperry & Hutchinson Company, brought an action in the state court to enjoin the city of Tacoma and its officers from attempting to enforce an ordinance which provided for a license fee for every person using trading stamps within the city of Tacoma.    The complaint in that action alleged that the ordinance was unconstitutional and void, under both the state and Federal constitutions.    The ordinance in question is set out in full in the case of *Sperry & Hutchinson Co. v. Tacoma,* 68 Wash. 254, 122 Pac. 1060.

While that action was pending in the state court, the same plaintiff brought an action in the United States circuit court against the same defendants, alleging that the ordinance was void for the same reasons stated in the complaint in the state court, and applied for a temporary order enjoining the enforcement of the ordinance.    A temporary order was issued, as prayed for, upon the filing of a bond in the sum of $1,000, which bond was conditioned as follows:

"Now, therefore, if the said Sperry & Hutchinson Co. shall pay all damages and costs which may accrue by the issuance or continuance in force of said restraining order, not exceeding in amount the original named sum of $1,000, then this obligation to be null and void, otherwise to remain in full force and effect."

The defendants filed a demurrer to the complaint in the state court, which the trial court sustained.    The plaintiff in the action in the state court thereupon elected to stand upon

the complaint, and a judgment of dismissal was entered. An appeal was prosecuted from that judgment to this court, where the judgment of the lower court was affirmed. *Sperry & Hutchinson Co. v. Tacoma, supra.*

While that case was pending in this court upon appeal, the defendants appeared in the Federal court and interposed a plea in bar, alleging the commencement of a suit by the plaintiff against the same defendants in the state court, supported by the same allegations, and praying for the same relief as the suit pending in the Federal court. This motion was denied in the Federal court. After this court had decided the case upon appeal, the defendants in the Federal court pleaded the judgment in the case as an estoppel. Upon this plea, the Federal court dismissed the action (*Sperry & Hutchinson Co. v. Tacoma,* 199 Fed. 853), holding, in substance, that the questions decided by the state court were *res judicata* of the questions pending in the Federal court. Thereafter this action was brought upon the bond as above stated.

The appellants contend that the liability upon the bond must be determined by rules laid down by the decisions of the Federal court, whether the action is brought upon the bond in the state or in the Federal court. Assuming this to be the rule, we are of the opinion that there was a liability upon the bond. The general rule is stated in 2 High on Injunctions, § 1649, as follows:

"That upon the dissolution of an injunction and failure on the part of the obligors to comply with the conditions of the bond, a right of action at once accrues."

The effect of the decision of the Federal court was that the injunction was wrongfully issued. Having been wrongfully issued, whatever damages the city suffered thereby were recoverable upon the bond.

The appellants also contend that, because the case was dismissed in the Federal court for a reason which occurred after the action was begun in that court, there can be no recovery

upon the bond.   The rule as stated in 2 High on Injunctions, § 1649b is that:

"Where a defendant secures the dismissal of an injunction action and the dissolution of a preliminary injunction upon a matter which arises subsequent to the commencement of the action and which has no bearing directly or indirectly upon the merits of the injunction suit, such dismissal is not such a final adjudication by the court that plaintiff was not entitled to the injunction as will give a right of action against the sureties upon a bond conditioned for the payment of such damages as may be sustained by the defendant if the court should finally decide that the plaintiff was not entitled to the injunction."

But we are of the opinion that this rule does not apply to this case, because the matter which subsequently arose did have a direct bearing upon the merits of the injunction suit. As stated, Sperry & Hutchinson had begun an action in the state court.   That action was pending when another action of the same kind upon the same ground, demanding the same relief, and against the same parties, was brought in the Federal court.   While the Federal court had concurrent jurisdiction with the state courts upon the questions presented (11 Cyc. 1003), the state court had obtained jurisdiction of the parties and of the subject-matter, and the decision of the state court upon the questions presented was final and binding upon the parties, and upon the Federal court unless the same was appealed from.   No appeal having been prosecuted from the state court to the United States supreme court, the judgment of the state court became final and binding, both upon the Federal court and upon all of the parties.   In other words, the matters which arose subsequent to the commencement of the action in the Federal court had a direct bearing upon the injunction suit, and the dismissal of the case in the Federal court recognized that rule and was, in effect, a judgment that the injunction was wrongfully issued.

The fact that the Federal court in other cases had held this and other ordinances of this character void, did not justify the appellants in prosecuting the same action in the state courts and in the Federal courts at the same time, especially where the action was first brought in the state court. Nor does it show that the application for an injunction in the Federal court was in good faith or fairly entertained.

It is agreed, in the statement of facts, that the city was prevented by the injunctional order from collecting license fees from forty-two persons who were using trading stamps. By reason of the injunction, the city was therefore injured in at least the penalty of the bond. The facts that the city had never before collected from these persons or made any attempt to prosecute them are entirely immaterial. The bond was given to the city to protect the city against damages which would follow in case the injunctional order was issued. The city has suffered damages to the extent of the bond, and was entitled to recover thereon.

The appellants contend that the judgment is for a larger amount than the bond. It is for the amount of the bond with interest from the date the action was brought. This is clearly within the rule that a recovery may be had for the face of the bond with interest from the date the action is brought. We find no error. The judgment is therefore affirmed.

CROW, C. J., MAIN, FULLERTON, and ELLIS, JJ., concur.